**Nora Hernandez DE GARCIA, a.k.a. Carla Hernandez Ramos, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

**Nos. 07–70589, 07–70945.**

United States Court of Appeals, Ninth Circuit.

Submitted May 12, 2008.*

Filed May 15, 2008.

Steven P. Brazelton, Law Office of Steven P. Brazelton, Reno, NV, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, District Director, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, Oil, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: KOZINSKI, Chief Judge, THOMAS and CALLAHAN, Circuit Judges.

MEMORANDUM **

Nora Hernandez de Garcia petitions for review from an order reinstating under 8 U.S.C. § 1231(a)(5) an order of deportation entered by an Immigration Judge in 1995. She also seeks review of the Department of Homeland Security's ("DHS") denials of her application for adjustment of status and application for permission to reapply for admission after deportation.

Hernandez de Garcia does not dispute that she satisfies the statutory requirements for reinstatement. Under the reinstatement statute, 8 U.S.C. § 1231(a)(5), we lack jurisdiction to consider Hernandez de Garcia's collateral challenge to her 1995 immigration proceedings and deportation order. *See Morales–Izquierdo v. Gonzales*, 486 F.3d 484, 495–496 (9th Cir.2007) (en banc); *Padilla v. Ashcroft*, 334 F.3d 921, 924 (9th Cir.2003). Accordingly, the government's motion for summary disposition is granted with respect to the challenges to the order reinstating the prior deportation order because the questions raised as to that order are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam) (stating standard).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Hernandez de Garcia also requests that we hold that she is not barred from applying for adjustment of status and permission to reapply for admission after deportation pursuant to 8 C.F.R. § 212.2. We find no error, however, in DHS's determination that Hernandez de Garcia is ineligible for these forms of relief. *See Gonzales v. Dep't of Homeland Security*, 508 F.3d 1227 (9th Cir.2007).

All pending motions are denied as moot. The temporary stay of removal shall remain in effect until issuance of the mandate.

**PETITIONS FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.